PROB 12C
(6/16)

Report Date: July 9, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 10, 2020

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Don Franklin Eynon | Case Number: 0980 2:12CR06001-RMP-1 |
| Address of Offender: | Washington 99352 |

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: February 7, 2013

| | |
|---|---|
| Original Offense: | Distribution of Child Pornography, 18 U.S.C. § 2252A(a)(2) |
| Original Sentence: | Prison - 60 months; TSR - Life    Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | U.S. Attorneys Office    Date Supervision Commenced: August 11, 2017 |
| Defense Attorney: | Federal Defenders Office    Date Supervision Expires: N/A |

## PETITIONING THE COURT

To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 21**: You shall participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall allow reciprocal release of information between the probation officer and the treatment provider. The defendant shall contribute to the cost of the treatment according to the defendant's ability. |
| | **Supporting Evidence**: Mr. Eynon is considered to be in violation of his conditions of supervised release by being in non-compliance with sex offender treatment at Riverview Counseling since March 10, 2020. |
| | Mr. Eynon commenced supervised release on August 11, 2017. His conditions of supervised release were reviewed with and accepted by Mr. Eynon on this date and a copy of his conditions were provided to him, specifically special condition number 21, as noted above. |
| | On March 10, 2020, Riverview Counseling contacted the undersigned officer to advise Mr. Eynon did not attend his scheduled treatment session. It was believed this session was missed due to Mr. Eynon's employment beginning for the season. |
| | Contact was made with Mr. Eynon by phone on March 30, 2020. He advised he was having serious issues with his cellular telephone and believed he had been hacked. Due to COVID- |

Prob12C
Re: Eynon, Don Franklin
July 9, 2020
Page 2

19 he was directed to have telephonic contact with his treatment provider and with the undersigned officer as the Richland Courthouse was currently closed to the public and telephonic services would still be offered.

Riverview Counseling informed the undersigned officer of continued attendance issues as Mr. Eynon had continued to miss his weekly telephone counseling sessions on April 14, 2020. Contact was made with Mr. Eynon on April 15, 2020, and he again explained that he was continuing to have cellular telephone issues and has had to switch cellular telephones and he had lost all his contacts. Mr. Eynon was provided the contact information to Riverview Counseling and was directed to regain compliance with treatment. Mr. Eynon was also referred to a local computer, cellular telephone, and technology business in the Tri-Cities, Washington, area for help with his cellular telephone issues.

On May 12, 2020, Riverview Counseling advised Mr. Eynon was in contact by cellular telephone but still considered non-compliant due to his lack of attendance over the last 2 months. The treatment provider also noted that it was their belief that Mr. Eynon was attempting to use the COVID-19 pandemic in his favor to not have to participate in treatment.

Mr. Eynon was contacted by the undersigned officer on May 12, 2020. He again reiterated the problems he has had with his cellular telephones, stating he had spent over $2,000 on new cellular telephones and all have stopped working correctly. He was directed to continue to contact Riverview Counseling weekly by telephone to regain compliance with his sex offender treatment requirements.

Riverview Counseling reported on June 23, 2020, that during the month of June 2020, Mr. Eynon was in attendance sporadically. The concern was that Mr. Eynon was completing the telephone sessions while he was at work. This resulted in the treatment sessions being interrupted and not fully completed.

Further contact with Riverview Counseling was made on July 1, 2020. It was reported that Mr. Eynon is now denying ever committing the offense that placed him on supervised release. Mr. Eynon had been resistant to treatment and making himself available for weekly treatment sessions by telephone. Mr. Eynon further elaborated that his cellular telephone hacking issues were the result of either a federal government program or the Russians. Riverview Counseling stated the belief is that Mr. Eynon has experienced some sort of issue related to his cellular telephone, but that he is using his cellular telephone issues and the COVID-19 pandemic as a convenient excuse to not participate in treatment. Also at issue is now Mr. Eynon is denying ever committing the offense, which makes him unsuitable for treatment.

On July 7, 2020, Riverview Counseling again reported Mr. Eynon was not present for his weekly telephone treatment session. Contact was made with Mr. Eynon on July 8, 2020. He explained to the undersigned officer that he has finally a secure cellular telephone and that contact with his treatment provider and probation officer will no longer be an issue. He was informed he missed his treatment session the day before. Mr. Eynon was upset about this as he stated he knows when his treatment sessions are scheduled and he was supposed to call in for his appointment on July 8, 2020. He then reported to the undersigned officer that his cellular telephone issues are a conspiracy of the federal government or the Russians, and

Prob12C
**Re: Eynon, Don Franklin**
**July 9, 2020**
**Page 3**

stated he is not guilty of the offense that placed him on supervision and he should not have to be going through this.

Contact with Riverview Counseling was made on July 8, 2020, to report Mr. Eynon's comments. Riverview Counseling's assessment of Mr. Eynon at this time is he is in non-compliance and that he appears to be mentally decompensating. As such, they are removing him from sexual offender therapy and asking that he address his mental health issues. After Mr. Eynon's mental health issues have been addressed, Riverview Counseling would be more than willing to have Mr. Eynon resume his sex offender treatment.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  07/09/2020

s/Daniel M. Manning

Daniel M. Manning
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[X]  The Issuance of a Summons
[ ]  Other

*Rosanna Malouf Peterson*

Signature of Judicial Officer

7/10/20
Date